Banks & Brother *vs.* Besser.

---

BANKS & BROTHER, plaintiffs in error, *vs.* CHARLES A. BESSER, defendant in error.

The Code (section 2781) declares that upon no bills or notes, except those made for negotiation or intended to be negotiated at a *chartered* bank, shall notice or protest be held necessary to charge the indorser; there-

fore, a note payable on its face "at the bank of Banks & Brother," which bank is not *chartered* but simply a private banking office, is not subject to notice or protest in order to charge the indorser.

Promissory notes. Indorsement. Protest. Before Judge KNIGHT. Lumpkin Superior Court. September Term, 1875.

Banks & Brother brought complaint against Besser as indorser on a note payable "at bank of Banks & Brother." The defendant pleaded the absence of protest for non-payment and notice to him thereof. On demurrer the court refused to strike this plea, and plaintiffs excepted.

WIER BOYD, for plaintiffs in error.

W. P. PRICE; C. D. PHILLIPS, for defendant.

BLECKLEY, Judge.

Is the indorser bound, without notice and protest, on a note payable at a private banker's office or unchartered bank? The Code, section 2781, answers in the affirmative, and such has been the law of the state ever since the act of 1826: Cobb's Digest, 594; 4 *Georgia Reports*, 101.

It was argued that because all banks and bankers are taxed by the United States (Revised Statutes, U. S., 673,) and because all who engage in similar business are alike declared banks or bankers by the act of congress, our Code on the subject is no longer of force in its original meaning, and that all banks and bankers are now to be considered as operating under United States laws equivalent to a legal charter by that government. We cannot accept this theory as correct. The United States government has not made every private banker a chartered bank, nor attempted it. It has defined banks and bankers and taxed them, and it has created certain banks by adopting a general banking system. Whether these last are to be held as chartered banks within the substantial intent and meaning of section 2781 of the Code, is not now before us for decision. Most probably they should so be considered,

but there may be difficulties even in going that far: See *Cory vs. The State*, 55 *Georgia Reports*, 236.

Another ruling made at last term, in the case of *Dalton City Company vs. Haddock*, 54 *Georgia Reports*, 584 touching days of grace is to be reconciled with the present one by noticing that the note involved in that case was not payable at a bank or banker's of any kind. The decision itself was, therefore, correct, whether the reasoning on which it was based was so in its full extent or not. It may be that grace is to. be allowed on notes payable at private banking offices; but on such notes indorsers are bound without notice or protest, for we cannot possibly affirm that private bankers are *chartered banks*, and unless we could go that far it would be, as we think, in direct conflict with the Code to require either notice or protest, in order to charge indorsers. We reverse the judgment, confining ourselves to the only question which seems to have been directly decided by the court below. Although the question of discharge by indulgence was in the pleadings and was argued here by counsel, it is plain from the bill of exceptions that it was not passed upon either by the court or jury. We prefer to let that branch of the case be tried in the circuit court before acting upon it here.

Judgment reversed.